**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30070 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00097-SLG-MMS-1 |
| v. | |
| SHAWN LOUIS ROCKWELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 17, 2023[**]
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Defendant Shawn Rockwell appeals the sentence imposed following his

guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291. "We

review de novo the district court's interpretation of the sentencing guidelines," and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"[w]e review for clear error the factual findings underlying the sentencing decision." *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001) (citations omitted). We affirm.

Rockwell argues the district court erred in applying the cross-reference in U.S.S.G. § 2K2.1(c)(1) to the aggravated assault guideline because the government failed to prove by clear and convincing evidence that he was involved in a shooting in which he intended to cause bodily injury.

Section 2K2.1 is the sentencing guideline for felon in possession of a firearm. The cross-reference in § 2K2.1(c)(1) provides that if a defendant "used or possessed any firearm . . . cited in the offense of conviction in connection with the commission . . . of another offense," then the court must apply § 2X1.1 with respect to that other offense, "if the resulting offense level is greater than that determined" under § 2K2.1. U.S.S.G. § 2K2.1(c)(1)(A). Section 2X1.1 directs the court to apply "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline." U.S.S.G. § 2X1.1.

Section § 2A2.2 is the sentencing guideline for aggravated assault. This guideline applies if a person committed a felonious assault involving "a dangerous weapon with intent to cause bodily injury." U.S.S.G. § 2A2.2, cmt. n.1. Here, it is undisputed that the district court's application of § 2A2.2 would have "an extremely disproportionate effect on [Rockwell's] sentence relative to the offense

2

of conviction." *Jordan*, 256 F.3d at 926. Thus, for the district court to apply the cross-reference in § 2K2.1(c)(1) and sentence Rockwell under § 2A2.2, the government was required to establish by clear and convincing evidence that Rockwell committed aggravated assault. *See id.*

There was clear and convincing evidence to support the district court's application of the aggravated assault guideline.[1] At sentencing, the government presented evidence that Rockwell used a .40 caliber handgun to shoot into the door of a trailer home in Anchorage on February 1, 2018. FBI agent Rodney Russell testified that the handgun used in the shooting was traced to Samantha McIntosh, who was Rockwell's ex-girlfriend. McIntosh told police that Rockwell provided her with money to purchase the gun on the day of the shooting and that she gave Rockwell the gun after she bought it. She also told police that Rockwell instructed her the day after the shooting to report the gun and her vehicle stolen. Officers also recovered security videos of the shooting, which were played at the hearing. Agent Russell testified that McIntosh positively identified Rockwell as the shooter

---

[1] A recent Ninth Circuit opinion expressed doubt about whether we should require sentencing factors to be proven by clear and convincing evidence, noting that our Circuit "stands alone" in maintaining this rule after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Lucas,* 70 F.4th 1218, 1221 (9th Cir. 2023). In any event, adopting a preponderance of the evidence standard would not change the outcome here. Because we conclude that there was clear and convincing evidence, we would necessarily conclude that the lower standard had been met.

in the video footage based on his clothing and the shape of his nose.

Rockwell raises two challenges to the evidence presented, but neither are availing. First, he claims that he could not be conclusively identified from the videos because the shooter wore a partial mask. But Rockwell's clothing and other physical attributes were sufficiently visible in the videos for McIntosh to recognize him. The record also contains other evidence strongly suggesting that Rockwell possessed the handgun on the day of the shooting.

Second, Rockwell argues there was insufficient evidence he intended to cause bodily injury because the shooter in the video fired only at the door's lock. The government presented evidence, however, that the shooter knew the trailer was occupied when he shot into the door; in the videos, a woman can be heard yelling from inside the trailer just before the shooting. Evidence that Rockwell shot multiple times into the door of a home that he knew was occupied was sufficient to support a finding that he intended to cause that person bodily injury.

The court also did not procedurally err in applying § 2A2.2. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Rockwell's offense level under § 2A2.2, after accounting for relevant enhancements and reductions, was 18. This offense level was greater than Rockwell's calculated offense level under § 2K2.1, which was 15. The court therefore appropriately sentenced Rockwell to 60 months imprisonment according to the guidelines for § 2A2.2. *See*

U.S.S.G. § 2K2.1(c)(1).

**AFFIRMED.**